**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY E. ROBINSON, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1762 |
| | § | |
| R&L CARRIERS PAYROLL, LLC, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for judgment on the pleadings filed by defendants R&L Carriers Shared Services, LLC, R&L Carriers Payroll, LLC, and R&L Carriers, Inc. (collectively, "Defendants"). Dkt. 32. Having considered the amended complaint, the instant motion, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

Plaintiff Larry E. Robinson brought a collective action against Defendants on June 9, 2017, alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime wages.[1] Dkt. 23 at 1. According to Robinson, Defendants employed him and others similarly situated as forklift operators. *Id.* at 3. During the three-year period preceding this lawsuit, Robinson and other forklift operators, referred to as "breakers," regularly worked more than forty hours a week unloading trucks in Defendants' Houston warehouse. *Id.* Robinson and the other members of the class were not paid one and one-half times their regular hourly rate for the time worked in excess of forty hours per

---

[1] For the purposes of a motion for judgment on the pleadings, the court accepts all well-pled facts contained in the plaintiff's complaint as true. *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

week. *Id.* Instead, Robinson and the other breakers were paid their regular rate, or "straight time," for all hours worked, including overtime. *Id.* at 5. Robinson contends that Defendants' failure to pay overtime compensation to him and others similarly situated arises from a generally applicable policy independent of the personal circumstances of the class members. *Id.* at 4–5.

In the instant motion, Defendants move for judgment on the pleadings as to Robinson's collective action claim under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that the amended complaint does not satisfy Robinson's burden to provide Defendants with fair and adequate notice of the purported class. *Id.* at 5.

## II. LEGAL STANDARD

Rule 12(c) allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standards govern Rule 12(c) and Rule 12(b)(6) motions. *See Chauvin*, 495 F.3d at 237.

To survive a motion to dismiss or a motion for judgment on the pleadings, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677.

## III. ANALYSIS

Defendants move for judgment on the pleadings, arguing that the complaint is insufficient to state a collective action claim and fails to provide Defendants with fair notice of the purported class. Dkt. 32 at 1. Specifically, Defendants contend that Robinson fails to allege any facts that establish "(1) which of the three Defendants employed the alleged collective members; (2) which of the members of the class were misclassified; (3) the frequency with which the collective members worked in excess of 40 hours per work week; (4) how long the alleged collective members worked in excess of 40 hours per work week; (5) anyone else who might belong in the collective action; or (6) that Defendants employed non-exempt loaders who were incorrectly paid prior, during, o[r] after [Robinson's] employment." *Id.*

However, courts in this district, including this court, have previously held that sufficiency challenges to FLSA collective actions are premature at the pleading stage. *See Howard v. John Moore, LP*, No. H-13-1672, 2014 U.S. Dist. LEXIS 42795, at *8 (S.D. Tex. Mar. 31, 2014) (Miller, J.) ("Defendants' challenge to the collective action is premature and not proper for a Rule 12(b)(6) motion."); *Murphy v. Multi-Shot, LLC*, No. 4:14-CV-1464, 2014 U.S. Dist. LEXIS 126794, at *5 (S.D. Tex. Sep. 10, 2014) (Ellison, J.) ("Courts in this district have routinely held that FLSA plaintiffs 'need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion.'") (quoting *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 U.S. Dist. LEXIS 114130, at *12 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J.)). "Whether proceeding collectively is

appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Hoffman*, 2009 U.S. Dist. LEXIS 114130, at *12.

While the instant motion is a motion for judgment on the pleadings and not a motion to dismiss, this is a distinction without a difference. This case is still at the pleading stage, and Defendants' attempt to skirt the certification process by asking the court to make a decision based on the face of the complaint is not supported by any controlling authority.

Collective actions are conditionally certified pursuant to a motion, the analysis of which occurs apart from the motion to dismiss phase. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995) (describing the *Lusardi* two-stage certification process available in FLSA cases). If Robinson's certification is successful, Defendants may later move for decertification, "at which point the appropriateness of class certification will be subjected to a more searching inquiry." *Hoffman,* 2009 U.S. Dist. LEXIS 114130, at *12–13.

Accordingly, the propriety of a collective action is not a proper inquiry at this time and should wait until the conditional certification phase.

## IV. CONCLUSION

For the reasons given, Defendants' motion for judgment on the pleadings (Dkt. 32) is DENIED.

Signed at Houston, Texas on February 20, 2018.

Gray H. Miller
United States District Judge